UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

IN THE MATTER OF THE SEARCH OF:  Case No. 1:21-mj- 20 1
A USPS Mail Parcel now in the Custody of the  Magistrate Judge Christopher Steger
USPIS

**AFFIDAVIT**

I, Lauren Moon, being duly sworn, hereby depose and say:

1.      I am a Task Force Officer with the United States Postal Inspection Service.  I am
further employed as a Special Agent with the Tennessee Bureau of Investigation and currently
assigned to the Drug Investigation Division for the Eastern District of Tennessee. I have been
employed in that capacity since August of 2019. Currently, I am responsible for investigating
crimes involving the United States Postal Service ("USPS"), specifically those involving the use
of the United States Postal Service to facilitate the transport of illegal narcotics.

2.      I am a Law Enforcement Officer under the authority of Title 18, United States Code,
Section 3061.  As such, I am authorized to make arrests with or without warrants for offenses made
in my presence or when I have reasonable grounds to believe the person has committed or is
committing a felony against the United States.  I am also authorized under this statute to carry
firearms and make seizures of property as provided by law.

3.      From my training and experience, I know that the United States Postal Service is
frequently used to transport illegal narcotics to areas throughout the United States.  I am also aware
that the United States Postal Service is used to send the proceeds relating to narcotics distribution
back to the narcotics source of supply.  I also know that the reason drug traffickers use the United
States Mail to ship controlled substances and their proceeds is because of the speed and protection
afforded the United States Mail.

4.	Title 21, United States Code, Section 841 makes it an offense for any person to manufacture, distribute, or possess with intent to manufacture or distribute, a controlled substance. Title 21, United States Code, Section 843(b) makes it an offense for any person knowingly or intentionally to use any communication facility in committing or in causing to facilitate the commission of any act or acts constituting a felony under any provisions of Subchapter I or Subchapter II of the Drug Abuse Prevention and Control Act. Title 21, United States Code, Section 846 makes it an offense to conspire to commit an offense set out in Title 21. Under Title 18 United States Code, Section 1342 makes it illegal to receive mail matter or parcels addressed to fictitious names while carrying on unlawful business.

5.	To combat the distribution of illegal narcotics and their proceeds, certain investigative techniques are utilized by Postal Inspectors. What follows is not meant to set forth all exhaustive investigative knowledge of this case or investigative techniques used, but only those facts necessary in order to establish probable cause.

## **RELEVANT FACTS**

6.	On September 29, 2021 I identified the following inbound parcel as suspicious:

| From: | To: |
|---|---|
| Jordan Pickens | Mary Pickens |
| 612 W Duarte Rd | 1812 Tuskegee Blvd |
| Monrovia, CA 91016 | Chattanooga, TN 37421 |



7.     The reasons I believe the above parcel (which is identified in Attachment A to this affidavit) contains illegal narcotics or cash proceeds from the trafficking of illegal narcotics includes, but are not limited to the following factors:

8.     This package is addressed from a known "Source State" (California), that is, a location that tends to supply a large amount of illegal narcotics to the Eastern District of Tennessee.

9.     The parcel was shipped as a "Priority Express 1-Day" which meant it was intended to be delivered within a one-day time frame from its acceptance into the USPS mail stream. This service is offered by USPS with an increase in shipping cost. Based on my training and experience with the interdiction of illegal drugs in the USPS mail stream, I know Express 1-Day shipping is preferred by shippers/recipients engaged in illegal activity as it eliminates the amount of time drugs are in the mail stream and thereby reducing the likelihood of interception by law enforcement.

10.     Using databases available to this agent, I researched the recipient name of "Mary Pickens". I was unable to locate any subject by that name currently, or formerly associated with the recipient address of 1812 Tuskegee Blvd Chattanooga, TN 37421. I further researched the address of 1812 Tuskegee Blvd Chattanooga, TN 37421 and learned law enforcement responded to this location regarding a subject (Tylin GORDON) overdosing on Fentanyl on July 23, 2021.

11.     Using databases available to this agent, I also researched the sender address of 612 W Duarte Road Monrovia, CA 91016. I was unable to locate the sender of name of "Jordan Pickens" as being a current or former associate of the address.

12.     Based on my training and experience with the interdiction of drug parcels in the USPS mail stream, I know it is a common tactic for sender and/or recipients of illegal narcotics

to utilize fictitious names on the parcels to hinder law enforcement from identifying subjects involved in illegal activities.

13.    I also reviewed USPS business records and discovered phone number 480-780-5171 contacted USPS Customer Service on September 29, 2021. The caller identified themselves as "Mary Pickens" (listed recipient on the target parcel) and the caller claimed to be inquiring on their parcel not being delivered. While not confirmed, the caller sounded like a male caller who stated he/she goes by "Mary". As the USPS clerk attempted to gather information basic information such as the recipient address, the caller was unable to immediately provide their own address. The caller claimed to be "there" but didn't know the address. Several seconds later, the recipient address of 1812 Tuskegee Blvd Chattanooga, TN 37421 was provided. The USPS clerk then attempted to gather "sender" information, but the caller claimed their phone was dying and the line was then disconnected. No sender name or address was provided and the caller stated he/she could not provide a value of said parcel.

14.    On September 30, 2021, I met with Tennessee Highway Patrol's K-9 Drug Detector Dog Unit Officer Rich Thomas and his K-9 "Marci." K-9 Marci conducted exterior examinations of the above parcel along with three (3) other parcels of similar size and appearance. I was present when the parcels were presented to K-9 Marci by her handler, Officer Thomas. Officer Thomas informed me that K-9 Marci did not demonstrate a positive alert and indication on the parcel bearing the above address or any of the other "blank" parcels.

15.    I have been advised of the qualifications of the K-9 handler and his narcotics detector canine. K-9 Marci is trained to detect the odor of illegal narcotics including but not limited to marijuana, cocaine, heroin, and methamphetamine. K-9 Marci and Officer Thomas have met standards set forth by the United States Police Canine Association and are certified as a K9 unit

by the Tennessee Highway Patrol. For approximately five years, K-9 Marci and Officer Thomas have completed bi-monthly training sessions, including K-9 drug detection techniques, handling and handler-dog communication. Additionally, K-9 Marci and Officer Thomas engage in a minimum of at least 16 hours per month of training in drug detection techniques, handling, and handler-dog communication. K-9 Marci has been in service for approximately five years, during which time, she has proven reliable in detecting narcotics odor, including the odor of marijuana, cocaine, heroin, and methamphetamine.

16. Based on this agent's training and experience, this agent is familiar with the synthetic opioids such as Fentanyl, the used of Fentanyl in pressed counterfeit pills, and the prevalent use and distribution of this drug in various forms in the Eastern District of Tennessee. Synthetic opioids such as Fentanyl are not one of the aforementioned drugs the drug detection K-9s have been trained to detect to date. Specifically, THP K-9 Handler Officer Thomas advised this agent K-9 Marci has not been trained to detect the odor of synthetics opioids to include Fentanyl.

17. Based on the facts set forth in this affidavit, I believe there is probable cause to believe that the above-mentioned parcel contains controlled substances, currency, paraphernalia, or other evidence that relates to trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and 843(b) (unlawful use of a communication facility, including the U.S. Mails, to facilitate the distribution of a controlled substance).

18. The subject parcel has been maintained unopened in my custody pending application for a search warrant.

19. Because this application and affidavit relate to an ongoing investigation that is currently covert, immediate notification of execution of this warrant is likely to seriously

jeopardize that ongoing investigation. As discussed above, it is not readily clear that the return address on this parcel accurately identifies its sender such that the individual or entity is amenable to notification. Regardless, disclosure of this search warrant at this stage would present targets an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. Accordingly, your affiant requests delayed notification for a period of 30 days, up to and including November 4, 2021.

FURTHER AFFIANT SAYETH NAUGHT

Lauren Moon
Task Force Officer
United States Postal Inspection Service

Subscribed and sworn to before me this _____ day of October, 2021.

Hon. Christopher Steger
United States Magistrate Judge